IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 05-56-SLR |
| MARGARET TANSLEY, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Leonard P. Stark, Assistant United States Attorney, and John P. Deckers, Esq., attorney for the defendant, Margaret Tansley (hereinafter "Defendant"), the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to a one count Information charging her health care fraud, in violation of Title 18, United States Code, Section 1347. The Defendant understands that if she were to proceed to trial on the Information, the Government would have to prove each of the following elements of the offense beyond a reasonable doubt: (i) on or about the date alleged in the Information, Defendant knowingly and willfully executed or attempted to execute a scheme and artifice to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program; (ii) such action was in connection with the delivery of or payment for health care benefits, items, or services; and (iii) the health care benefit program acted in interstate commerce. The maximum penalties for this charge are ten (10) years

imprisonment, a $250,000 fine, three years of supervised release following any term of imprisonment, and a $100 special assessment, as well as restitution.

2. The Defendant knowingly, voluntarily, and intelligently waives her right to be charged by Indictment and agrees to execute any forms necessary to effectuate her waiver.

3. The Defendant knowingly, voluntarily, and intelligently admits that on or about February 27, 2002, in the District of Delaware, she caused Reliable Medical Transportation ("Reliable"), a company in whose day-to-day operations she was involved, to submit a claim for payment to the Delaware Medical Assistance Program ("Medicaid") for reimbursement for transporting G.M. on February 27, 2002, when, in fact, Reliable had not transported G.M. on February 27, 2002, and defendant well knew that the billing system she used would and did generate and submit a claim to the DMAP for transporting G.M. on February 27, 2002 whether or not Reliable provided such transportation.

4. The Defendant understands that at sentencing the district court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). See United States v. Booker, 2005 WL 50108 (Jan. 12, 2005).

5. Based on information known by the United States to date, at or about the time of sentencing the United States agrees to move for a two (2) level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S. Sentencing Guidelines Section 3E1.1(b). The United States will make this motion because the Defendant timely has

notified authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

6. Based on information provided by the Defendant prior to the date of this memorandum, and based on information and analyses disclosed by the government to Defendant prior to the date of this memorandum, the government and Defendant stipulate that for purposes of U.S.S.G. § 2B1.1(b) that the loss involved in the instant offense, including relevant conduct as defined in U.S.S.G. § 1B1.3, is more than $10,000 and less than $30,000. The government reserves the right to withdraw this stipulation if it determines prior to sentencing that the Defendant has not provided truthful or complete information regarding this stipulation.

7. The defendant agrees to pay any special assessment at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

8. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing Court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits she expects from any such stipulation or recommendation, the Defendant may not withdraw her guilty plea.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____   BY:   _____
John Deckers                            Leonard P. Stark
Attorney for Defendant                  Assistant United States Attorney

_____
Margaret Tansley
Defendant

Dated: June 30, 2005


AND NOW this **30th** day of _____June_____, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
United States District Judge
United States District Court
District of Delaware

4